IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MOHAMMED HUSSAIN,**<br><br>            **Plaintiff,**<br><br>**v.**<br><br>**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**<br><br>            **Defendant.** | |

## COMPLAINT

Comes now Plaintiff, Dr. Mohammed Hussain, and respectfully alleges:

1. This action is brought pursuant to 42 U.S.C. § 2000e-3(a).

2. This Court has jurisdiction of this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.

3. Venue is appropriate pursuant to 28 U.S.C. § 1391 because Defendant is a federal agency located in the District of Columbia.

4. As a federal agency, Defendant is subject to Title VII requirements under 42 U.S.C. § 2000e-16.

5. Dr. Hussain is of Indian descent, was 66 years of age at the time of the events relevant to this matter, and is Muslim.

6. Dr. Hussain has filed a series of discrimination claims[1] against the U.S. Department of Veteran's Affairs ("the VA") for discrimination he faced while working in D.C. area hospitals.

7. Dr. Hussain started working at the St. Louis, MO Veterans Affairs Medical Center ("the VA Medical Center") on April 16, 2012 as a Temporary Contact Physician. He was originally contracted to work in that position for three months. *See Exhibit A, Hussain Affidavit.*

8. At that time, Dr. Hussain's background check had yet to be completed and he was not fingerprinted as is standard for the first day in a federal job. *Ex. A.*

9. Dr. Hussain worked under the supervision of Dr. Barbara Sterkel, a radiation oncologist and Chief of the Diagnostic Imaging Service department. *Ex. A.*

10. Dr. Hussain continued to work at the VA Medical Center for the next week without issue.

11. On or about April 16 or 17, Dr. Hussain reviewed his charting procedures with Dr. Sterkel to ensure that they met the hospital's criteria, at which point Dr. Sterkel approved said charting procedures. *Ex. A.*

---

[1] Hussain v. Mansfield, U.S. Court of Appeals for the Fourth Circuit, Case No. 07-cv-03370-PJM; Hussain v. Nicholson, U.S. Court of Appeals, District of Columbia Circuit, Case No. 03-cv-00367.

12.   The background check was completed before Dr. Hussain started his next week of work at the VA Medical Center.

13.   On or about April 23, Dr. Hussain asked Dr. Sterkel for time off for jury duty, she responded by asking him if he needed the time to address his previous discrimination lawsuits mentioned above. *Ex. A, pg 8.*

14.   That same day, Dr. Sterkel and Dr. Hussain discussed his note-taking procedures, which she found unsatisfactory, and she asked him to develop a template to use for note input in the future. Dr. Hussain developed a template and submitted it to Dr. Sterkel Dr. Sterkel approved its use and stated notes patterned to that template would be acceptable. *Ex. A.*

15.   Without warning, and without notice, Dr. Hussain was terminated the next day, April 24, 2012. Dr. Hussain was later informed that the reason for his termination was because his note-taking was unacceptable. *See Ex. A and Exhibit B, Hussain Termination Memo.*

16.   Dr. Hussain contacted an EEO Counseler on April 25, 2012, to file a complaint based on race, national origin, age, and reprisal. *See Ex. A.*

17.  Dr. Hussain filed a formal complaint on August 8, 2012, which was accepted for investigation on August 20, 2012. *See Ex. A.*

18.  The Office of Employment Discrimination Complaint Adjudication of the VA issued a final decision on July 25, 2014 (received on July 29, 2014) stating that Dr. Hussain "failed to prove discrimination on the bases of race, national origin, religion, age or reprisal," and permitting Dr. Hussain to file a civil action. *See Exhibit C, Final Agency Decision and Exhibit D, USPS Tracking Slip.*

*19.*  Since his termination, Dr. Hussain has been repeatedly denied further permanent employment and was denied hospital privileges at both Scotland Memorial Hospital in Laurinburg North Carolina and Albermarle Hospital in Elizabeth City, North Carolina, due to retaliatory negative references from his supervisors at the VA Medical Center. *See Exhibit E-1, Scotland and Albermarle Emails and Exhibit E-2, Jim Wilson Email.*

### COUNT I – RETALIATION

20.  Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a) prohibits an employer from taking adverse action against an employee out of retaliation for engaging in protected activity, including exercising other existing rights under the statute.

21.  In order to establish a claim under this statue, a plaintiff must prove that:

    a. He or she engaged in or was engaging in an activity protected under federal law;
    b. The employer subjected the plaintiff to an adverse employment action; and
    c. The plaintiff was subjected to the adverse employment action because of his or her participation in the protected activity.

22.    Dr. Hussain engaged in an activity protected under federal law when he filed his series of discrimination claims starting in 2006. *See ¶¶ 6-* ***Error! Reference source not found.***.

23.    Adverse employment action can include termination, refusal to hire or promote, demotion, or negative job references made with regards to former employees.
    a. The VA Medical Center and Dr. Sterkel took adverse employment action against Dr. Hussain, first when they terminated his employment, and second by giving unjustified negative references to future possible employers. *See ¶¶ 15 and 19.*

24.    In order to demonstrate the requisite causal connection, a plaintiff must show that his protected activity was the but-for cause of the adverse employment action.
    a. While Defendant claims that Dr. Hussain was terminated for faulty note-taking, the fact that he took steps under the guidance of Dr. Sterkel to ameliorate that issue and that said steps met with the express approval of Dr. Sterkel

      demonstrates that this is a mere pretext unworthy of belief. *See ¶ 14.*
  b. But for Dr. Hussain having filed the previous discrimination claims against the VA, the VA Medical Center would have kept him on through his contract and would not still be harming Dr. Husain by providing unjustified negative references to potential employers.

25. As a result of Defendant's illegal retaliatory acts against Dr. Hussain, Dr. Hussain has experienced a loss in professional standing, a reduction in earnings, and considerable stress, anxiety and embarrassment, both in his personal and professional life.

## JURY DEMAND

Plaintiff demands a jury trial.

## RELIEF REQUESTED

Wherefore, Plaintiff respectfully requests that this court grant him:

1. reinstatement as a permanent federal employee with a promotion to Chief of the Radiation Therapy Service and retroactive seniority, in order to restore the professional reputation that the Defendant has destroyed;
2. back pay; and
3. $300,000 in compensatory damages.

Dr. Hussain further requests that this court require the Defendant to:

1. timely provide requested personnel information to all prospective employers, certification boards, and all other entities and persons whom he authorizes to obtain his personnel information;
2. provide a reference to prospective employers, uncolored by prejudice or retaliatory animus, to prospective employers certification boards and all other entities and persons whom he authorizes to obtain his personnel information with an accurate summary of his 25 years of service with the VA, which includes his 19 years of excellent evaluations; and
3. completely expunge his personnel record of the inappropriate restrictions placed on his clinical privileges, and any other unsubstantiated negative information placed in his personnel record, including, but not limited to, unsatisfactory performance evaluations.

DATED: October 27, 2014

Respectfully Submitted,

/s/
Tyler Jay King, Esq.
Franklin Square Law Group
1225 Eye Street, NW
Washington, DC 20005
(202) 436-2641